IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOT R. BYRD and JESSICA E. BRANDON, individually and as Parents on behalf of S.J.B., a minor child,<br>　　Plaintiffs,<br><br>v.<br><br>BP EXPLORATION & PRODUCTION, INC., *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION 1:22-00173-KD-MU-C<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on review of the disclosure statement filed by the Defendants Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. (Doc. 15).[1]

SDAL L.R. 7.1 governs Disclosure Statements and provides, in 7.1(b), that the disclosing entity "shall identify all parents, subsidiaries, partners, *members*…trustees… and similarly related persons and entities." (emphasis added). Additionally, SDAL L.R. 7.1(a) and (c) require, in part, that "all non-governmental artificial entities appearing as parties shall file a disclosure statement" and that "[t]he purpose of the Disclosure Statement is to enable the Judges of this Court to determine the need for recusal..."

On June 20, 2022, said defendants filed their disclosure statement. (Doc. 15). The identification of the current membership of these entities is necessary to determine whether there is any reason to believe there are potential conflicts of interest which would require disqualification or recusal. For the reasons stated *infra*, the disclosure statement does not provide the required

---

[1] Counsel incorrectly references this as a Corporate Disclosure Statement. It is not. This is because the litigating parties may be unincorporated entities.

1

information to accomplish same. Specifically, Defendant Transocean Holdings, LLC identifies itself as a limited liability company (LLC) which is 100% owned by Transocean Offshore Deepwater Drilling Inc. (Doc. 15). However, no other information about the LLC is provided.

As set forth in the Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1021-1023 (11th Cir. 2004) (per curiam), unincorporated entities like LLCs are citizens of each state in which any of their members are citizens.[2]  As explained by the Eleventh Circuit:

> We hold that the general rule for unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998) ("Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1)) ... we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.") (citations omitted); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48, 51–52 (2d Cir.2000) (holding that citizenship of a limited liability company was determined by the citizenship of its members, citing *Cosgrove,* 150 F.3d at 731); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004) (holding that based on the similarities between limited liability companies and limited partnerships, and in the absence of a Congressional mandate, the general rule of citizenship based on membership applied). *See also Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731, 732 (6th Cir.2002) (stating, in an unpublished opinion, that citizenship of limited liability company depends on citizenship of its members); *Provident Energy Assocs. of Mont. v. Burllington,* 77 Fed.Appx. 427, 428 (9th Cir.2003) (same).

---

[2] See, e.g., Tradesman Intl, LLC v. JVC Coatings & Fabrication, LLC, 2016 WL 6997068, *1 (S.D. Ala. Nov. 29, 2016): "This 'can require tracing through several layers.' *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, 'each member's citizenship must [also] be properly alleged, be it an individual, corporation, LLC, or other entity')[;]" Lawson v. Chrysler LLC, 2009 WL 961226, *2-3 (S.D. Miss. Apr. 7, 2009) (discussing the need to trace members through the full length of organizations until citizenship can be determined – however many layers of members there may be). See generally Mullina v. TestAmerica Inc., 564 F.3d 386, 397-398 (5th Cir. Mar. 30, 2009); CMC Steel Fabricators, Inc. v. RK Construction, Inc., 2009 WL 1924352, *1-2 (W.D. La. Jun. 29, 2009); Wright v. JP Morgan Chase Bank, NA, 2009 WL 854644, *1 (W.D. La. Mar. 26, 2009).

Id. at 1022.

As such, it is **ORDERED** that Defendant Transocean Holdings, LLC shall file, on or before **July 8, 2022,** a Supplement to the Disclosure Statement identifying the complete citizenship of this limited liability company so this Court may properly assess conflicts/recusal.

**DONE** and **ORDERED** this the **27th** day of **June 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**